**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARTLEY A. PIRINO, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-0293 |
| v. | (JUDGE CAPUTO) |
| SCRANTON POLICE DEPARTMENT, CITY OF SCRANTON, DETECTIVE EDWARD RUTKOWSKI, Individually and as Agent for the City of Scranton and Scranton Police Department, SEAN PAUL FLYNN, Individually and as Agent for the City of Scranton, MICHAEL HARTLEY, Individually and as Agent of the City of Scranton, Scranton Police Department, and Allstate Insurance Company, EDWARD CAREY, Individually and as Agent of the City of Scranton Scranton Police Department, and Allstate Insurance Company, JAY LANDIS, Individually and as Agent of Allstate Insurance Company, ALLSTATE INSURANCE COMPANY, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss (Doc. 7).  For the

reasons set forth below, the motion will be granted in part and denied in part.  The Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**BACKGROUND**

Plaintiff was the record owner of real estate located at 1316-1318 Vine Street,

Scranton, Lackawanna County, Pennsylvania ("property").  (Doc. 1 ¶ 16.)  On February

1

13, 2003, the property was damaged by fire.  (Doc. 1 ¶ 17.)  On February 14, 2003, Plaintiff submitted a claim to Allstate Insurance Company ("Allstate") for  fire damage.  (Doc. 1 ¶ 17.)  Allstate conducted an investigation.  (Doc. 1 ¶ 19.)

In January 2004, Plaintiff filed a bad faith claim against Allstate due to Allstate's non-payment of his claim.  (Doc. 1 ¶ 20.)  On February 4, 2004, Allstate denied Plaintiff's claim based upon Allstate's policy terms which provide that claims will be denied in the event that damages to the insured property is caused intentionally.  (Doc. 1 ¶ 21.)  On or about February 9, 2004, according to Plaintiff, "Allstate filed criminal charges against Plaintiff, which included insurance fraud and arson."  (Doc. 1 ¶ 22.)  A preliminary hearing on the matter was held on April 5, 2004.  (Doc. 1 ¶ 24.)

Defendant Sean Paul Flynn testified at the preliminary hearing about his opinions of the fire's origin, following his investigation.  (Doc. 1 ¶ 25.)  He stated that the fire originated in the basement of the property, was caused by a malfunction of the boiler due to Plaintiff's intentional removal of a control device, and that combustible liquids were intentionally placed in close proximity to the boiler.  (Doc. 1 ¶¶ 26-27.)

On February 9, 2005, Plaintiff filed the present Complaint (Doc. 1).  Defendants Scranton Police Department, City of Scranton, Detective Edward Rutkowski, and Sean Paul Flynn filed a motion to dismiss (Doc. 7).  This matter is now ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be

granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

a.      **Section 1983 (Counts I - III)**

In Counts I, II, and III of the Complaint, Plaintiff alleges that Defendants,

Rutkowski, Scranton Police Department and City of Scranton, violated 42 U.S.C. § 1983

through the false arrest, false imprisonment, and malicious prosecution of Plaintiff.

Defendants assert that Plaintiff has failed to state a claim upon which relief may be

granted against Defendants Scranton Police Department and City of Scranton.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage . . . subjects, or causes to be
> subjected, any citizen of the United States or other
> persons within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured .
> . . .

For a municipality or other government entity to be liable under § 1983, Plaintiff

must establish: (1) a deprivation of a constitutionally protected right; (2) resulting from a

policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436

U.S. 658, 691-94 (1978).  "Policy is made by an official statement of a 'decisionmaker

possessing final authority to establish municipal policy,' and custom can be shown by the

presence of a course of conduct that 'is so well-settled and permanent as virtually to

constitute law.'"  *Chernavsky*, 2005 U.S. App. LEXIS 11173, at *5-6 (quoting *Bielevicz v.*

*Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (internal quotations omitted).  A municipality's

failure to properly train its employees and officers can constitute a "policy" actionable

under § 1983 only where the failure amounts to a deliberate indifference to the rights of

the impacted person.  *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).  This

does not mean that municipal liability for failure to train can be predicated solely upon a

showing that a city's employees could have been better trained or that additional training

was available that would have reduced the overall risk of constitutional injury.  *Canty v.*

4

*City of Philadelphia*, 99 F. Supp. 2d 576, 581 (E.D. Pa 2000) (citing *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1029-1030 (3rd Cir. 1991)).  Rather, there must be a deliberate or conscious choice by the municipality to not train before a municipality may be held liable under section 1983.  *Reitz*, 125 F.3d at 145.  Furthermore, a direct causal link between the policy or custom and the alleged constitutional violations must also be present.  *Chernavsky*, 2005 U.S. App. LEXIS 11173*,* at *6.

First, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.  *See, e.g., Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004).  Therefore, Defendant Scranton Police Department will be dismissed from suit.

Second, Defendant City of Scranton asserts that Plaintiff has failed to state a claim against it under  § 1983 because there are no allegations in the Complaint of a policy, practice, or custom.  I agree.  Reading the Complaint in the light most favorable to the Plaintiff, only conclusory allegations that Defendant is responsible for "negligent supervision" of its employees can be found in the Complaint.  (Doc. 1 ¶ 75.)  Even assuming these allegations are true, Plaintiff's allegations of negligent supervision are not enough to allege deliberate indifference by the municipality.   Plaintiff has failed to allege how "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *See, e.g., Canty*, 99 F. Supp. 2d at 581*.*

5

As such, Defendants' motion to dismiss will be granted with regard to Counts I, II, and III of the Complaint as against Defendant City of Scranton.  Furthermore, actions against defendants in their official capacities are "in all other respects other than name" a suit against the government entity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Thus, the claims against Defendant Rutkowski in his official capacity in Counts I, II, and III are also dismissed.

Lastly, because Defendants have not sought dismissal of the claims in Counts I, II, and III of the Complaint against Defendant Rutkowski in his individual capacity, these claims remain.

### b.      Political Subdivision Tort Claims Act (Counts IV - X)

Plaintiff raises a number of state law claims against Defendants in Counts IV, V, VI, VII, VIII, IX, and X in his Complaint.  Defendants Rutkowski, Flynn, and City of Scranton assert they are immune from Plaintiff's state law claims under the Political Subdivision Tort Claims Act (PSTCA), 42 PA. CONS. STAT. ANN. §§ 8541, *et seq.* (2004).  Plaintiff asserts that he has alleged Defendants Rutkowski and Flynn are liable for willful misconduct.

The PSTCA provides that no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.  *Id.*  A local agency includes any government unit other than the Commonwealth.  42 PA. CONS. STAT. ANN. § 8501.

Immunity under the PSTCA is subject to two limitations.  First, the PSTCA

provides eight exceptions to the immunity.[1]  42 PA. CONS. STAT. ANN. § 8542.  None of these exceptions apply to the Plaintiff's claims.  Second, individual employees are not immune from liability when their conduct amounts to actual fraud, crime, actual malice or willful misconduct.  *See* 42 PA. CONS. STAT. ANN. § 8550 n.17.

Reading the Complaint in the light most favorable to Plaintiff, Plaintiff has failed to allege that Defendants Flynn and Rutkowski acted with actual malice or willful misconduct.  The only actions attributed to Flynn and Rutkowski in the Complaint, are that Defendant Flynn conducted an investigation into the cause of the fire and testified at the preliminary hearing; and that Defendant Rutkowski effected the arrest and detainment of Plaintiff pursuant to the criminal charges of arson and insurance fraud brought against him.  Plaintiff fails to allege how these actions constitute willful misconduct.  As such, Defendants Rutkowski, Flynn, and City of Scranton are entitled to immunity under the PSTCA.  Defendants' motion to dismiss will be granted with regard to Counts IV, V, VI, VII, VIII, IX, and X of the Complaint.

### c.   Punitive Damages (Count XI)

Plaintiff seeks punitive damages in Count XI of the Complaint against all defendants.  Defendants move for dismissal of these claims.

It is clear that in certain circumstances punitive damages may be awarded for violations of civil rights.  *Cochetti v. Desmond*, 572 F.2d 102, 105 (3d Cir. 1978).  A municipality may not be held liable for punitive damages under § 1983, but municipal

---

[1]  The eight exceptions are: (1) Vehicle liability; (2) Care, custody or control of personal property; (3) Real property; (4) Trees, traffic controls and street lighting; (5) Utility service facilities; (6) Streets; (7) Sidewalks; and (8) Care, custody or control of animals.

officials can be. *Abraham v. Pekarski*, 728 F.2d 167, 172 (3d Cir. 1984).

All other claims against Defendants City of Scranton and Flynn are dismissed. Therefore, I will also dismiss Plaintiff's claim for punitive damages against these Defendants.  To the degree Defendants' motion seeks dismissal of the punitive damages claim against Defendant Rutkowski, however, the motion will be denied; since Plaintiff has remaining section 1983 claims against Defendant Rutkowski in his individual capacity.

## CONCLUSION

First, police departments cannot be sued in conjunction with municipalities, and the Scranton Police Department will be dismissed from suit.  Further, Plaintiff has not stated facts from which a policy, practice, or custom can be alleged.  As such, Defendants' motion to dismiss will be granted with regard to Counts I, II, and III of the Complaint as against Defendant City of Scranton.  Furthermore, the claims against Defendant Rutkowski in his official capacity in Counts I, II, and III are also dismissed. However, because Defendants have not sought dismissal of the claims in Counts I, II, and III of the Complaint against Defendant Rutkowski in his individual capacity, these claims remain.

Next, Defendants Rutkowski, Flynn, and City of Scranton are entitled to immunity under the PSTCA and Defendants' motion to dismiss will be granted with regard to Counts IV, V, VI, VII, VIII, IX, and X of the Complaint.  Lastly, Plaintiff's claim for punitive damages against Defendants Flynn and the City of Scranton will be dismissed, but Plaintiff's claim for punitive damages against Defendant Rutkowski will remain.  As such,

Defendants' Motion to Dismiss (Doc. 7) will be granted in part and denied in part.

An appropriate order follows.


 November 9, 2005                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BARTLEY A. PIRINO, JR.,

    Plaintiff

       v.

SCRANTON POLICE DEPARTMENT,
CITY OF SCRANTON, et al.,

    Defendants.

NO. 3:05-CV-0293

(JUDGE CAPUTO)

## ORDER

**NOW**, this ___9th___ day of November, 2005, **IT IS HEREBY ORDERED** that

Defendants' Motion to Dismiss (Doc. 7) is **GRANTED in part** and **DENIED in part**:

The following claims are dismissed:

(1)    All claims against the Scranton Police Department;

(2)    Plaintiff's Section 1983 claims in Counts I, II, and III of the Complaint against the City of Scranton;

(3)    Plaintiff's Section 1983 claims in Counts I, II, and III of the Complaint against the Detective Edward Rutkowski in his official capacity;

(4)    Plaintiff's state law claims in Counts IV, V, VI, VII, VIII, IX, and X of the Complaint against Detective Edward Rutkowski, Sean Paul Flynn, and the City of Scranton; and

(5)    Plaintiff's punitive damages claims against the City of Scranton and Sean Paul Flynn.

The following claims remain:

(1)    Plaintiff's Section 1983 claims in Counts I, II, and III of the Complaint against Detective Edward Rutkowski in his individual capacity; and

    (2)    Plaintiff's punitive damages claim against Detective Edward Rutkowski.


     /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge