**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARTLEY A. PIRINO, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-0293 |
| v. | (JUDGE CAPUTO) |
| SCRANTON POLICE DEPARTMENT, CITY OF SCRANTON, DETECTIVE EDWARD RUTKOWSKI, Individually and as Agent for the City of Scranton and Scranton Police Department, SEAN PAUL FLYNN, Individually and as Agent for the City of Scranton, MICHAEL HARTLEY, Individually and as Agent of the City of Scranton, Scranton Police Department, and Allstate Insurance Company, EDWARD CAREY, Individually and as Agent of the City of Scranton Scranton Police Department, and Allstate Insurance Company, JAY LANDIS, Individually and as Agent of Allstate Insurance Company, ALLSTATE INSURANCE COMPANY, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Motion of Defendant Michael Hartley for Summary Judgment Pursuant to F.R.C.P. 56(c) (Doc. 34).  For the reasons set forth below, the motion will be granted.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## BACKGROUND

Plaintiff was the record owner of real estate located at 1316-1318 Vine Street,

1

Scranton, Lackawanna County, Pennsylvania ("property").  (Doc. 1 ¶ 16.)  On February 13, 2003, the property was damaged by fire.  (Doc. 1 ¶ 17.)  On February 14, 2003, Plaintiff submitted a claim to Allstate Insurance Company ("Allstate") for fire damage.  (Doc. 1 ¶ 17.)  Allstate conducted an investigation.  (Doc. 1 ¶ 19.)

In January 2004, Plaintiff filed a bad faith claim against Allstate due to Allstate's non-payment of his claim.  (Doc. 1 ¶ 20.)  On February 4, 2004, Allstate denied Plaintiff's claim based upon Allstate's policy terms which provide that claims will be denied in the event that damages to the insured property is caused intentionally.  (Doc. 1 ¶ 21.)  On or about February 9, 2004, according to Plaintiff, "Allstate filed criminal charges against Plaintiff, which included insurance fraud and arson."  (Doc. 1 ¶ 22.)  A preliminary hearing on the matter was held on April 5, 2004.  (Doc. 1 ¶ 24.)

Defendant Michael Hartley investigated the fire and testified at the preliminary hearing that the fire was deliberately set by Plaintiff.  (Doc. 1 ¶¶ 28-29.)

On February 9, 2005, Plaintiff filed his Complaint (Doc. 1).  On November 8, 2005, Defendant filed the present motion for summary judgment.  (Doc. 34.)  This matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**1.   Pennsylvania Arson Reporting Immunity Act**

Defendant Hartley moves for summary judgment based on the immunity afforded him by the Pennsylvania Arson Reporting Immunity Act ("Act"), 40 PA. CONS. STAT. §§ 1610.1, et. seq. (2005)[1]. Immunity under the Act is detailed in § 1610.4 which states:

> Any insurance company, or person designated to act in its behalf; or any authorized agency or person authorized to act on its behalf, who shall release information, whether oral or written, pursuant to section 3 (a), (b) or (d) shall be

---

[1] The Pennsylvania Arson Reporting Immunity Act states in relevant part:
 (a)   FIRE LOSS INFORMATION. -- Any authorized agency may, in writing, require any insurance company at interest to release to the requesting authorized agency any or all relevant information or evidence deemed important to the authorized agency which the insurance company may have in its possession relating to a fire loss under investigation by the authorized agency. Relevant information may include, without limitation herein:
  (1)   pertinent policy information relevant to a fire loss under investigation, including any application for such a policy; . . .
  (5)   material relating to the investigation of the loss, including statements of any person, proof of loss, and any other information relevant to the investigation by the authorized agency.
 (d)   RELEASE OF INFORMATION. -- An authorized agency that is provided with information pursuant to subsection (a) or (b) may, at its discretion, in good faith, release or provide orally or in writing such information that it may possess in whole or in part to any other authorized agency or insurance company in furtherance of the authorized agency's own investigative purposes.

40 Pa. Cons. Stat. §§ 1610.3

4

> immune from liability arising out of a civil action and from criminal prosecution with respect to the release of such information, unless there be actual malice.

40 PA. CONS. STAT. § 1610.4 (2005).  Plaintiff argues that "there is still a genuine issue of material fact regarding whether there is an agency relationship between Hartley and Allstate such that Hartely could possibly enjoy immunity" under the Act.  (Doc. 43 at 6.)  The Court wholly disagrees.  Plaintiff, himself, states in his Complaint that Defendant Hartley "at all times relevant was an investigator for and agent of Defendant [ ] Allstate."  (Doc. 1 ¶ 9.)  Furthermore, Plaintiff failed to submit evidence of any facts or circumstances, other than Defendants release of information about his claim, that would illustrate Defendants' liability for the claims asserted against him in the Complaint.[2]  Moreover, Plaintiff failed to submit any evidence that Defendants acted with actual malice.  As such, there is no question of material fact with regard to Defendant's immunity from suit and I will grant Defendant's motion for summary judgment in its entirety.

## CONCLUSION

Defendant Hartley is entitled to immunity from suit pursuant to the Pennsylvania Arson Reporting Immunity Act .

---

[2] Defendant Hartley is named in the following counts of Plaintiff's Complaint: Count III (malicious prosecution); Count IV (malicious prosecution); Count V (defamation); Count VI (civil conspiracy); Count VII (intentional infliction of emotional distress); Count VIII (negligent infliction of emotional distress); Count X (false light); and Count XI (punitive damages).  (Doc. 1 ¶¶ 46-73, 77-85.)

An appropriate order follows.

| | |
|---|---|
| May 10, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARTLEY A. PIRINO, JR., | |
| Plaintiff | NO. 3:05-CV-0293 |
| v. | (JUDGE CAPUTO) |
| SCRANTON POLICE DEPARTMENT, CITY OF SCRANTON, et al., | |
| Defendants. | |

## ORDER

**NOW**, this ___10th___ day of May, 2006, **IT IS HEREBY ORDERED** that Motion of Defendant Michael Hartley for Summary Judgment Pursuant to F.R.C.P. 56(c) (Doc. 34) is **GRANTED**.

   /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge